UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
DORINE LYNCH,

                        Plaintiff,

            -against-

**ORDER**
CV 04-4618 (JS)(ARL)

THE OFFICE OF COURT ADMINISTRATION
OF THE STATE OF NEW YORK, et al.,

                        Defendants.
--------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

Before the court is the plaintiff's letter application dated August 28, 2006, seeking to compel the defendant, Philip Costa, who is the only remaining defendant, to produce documents in response to the plaintiff's document request. Specifically, the plaintiff seeks:

> 1. A complete copy of any file kept by the Office of Court Administration regarding Lenny Messina ("the man who was hired for the position");
> 2. All documents relating to the posting of the Grade 10 position;
> 3. All documents relating to the process of filling the Grade 10 position;
> 4. All applications for the Grade 10 position;
> 5. All documents reflecting or referring to communications concerning the posting or filling of the Grade 10 position; and
> 6. All documents relating to the Grade 10 position.

The plaintiff contends that the documents are relevant to her claim that the defendant Costa or his subordinate created a "male-only" policy for the Grade 10 position.

The defendant opposes the application by letter dated August 30, 2006. The defendant contends that the documents are irrelevant to the plaintiff's claims because (1) the plaintiff never applied for the Grade 10 position, (2) Messina was not hired for the Grade 10 position identified by plaintiff, and (3) the defendant Costa had no hiring responsibilities for this position. The court agrees, in part. The plaintiff is entitled to the production of any documents that address the hiring

criteria for the Grade 10 position identified by the plaintiff or that might reflect a "male-only" hiring policy. Accordingly, the plaintiff is to be provided with documents relevant to the posting of or criteria for filling the Grade 10 position identified. Given the allegations which remain in this case, the plaintiff may review, for gender only, the applications for this position. Finally, this court cannot discern the relevance of any files pertaining to Lenny Messina as his qualifications as a comparator are not in issue in this case.

Also before the court is the defendant's letter motion dated September 11, 2006, seeking to preclude the plaintiff from introducing any evidence at trial regarding back pay for 2000-2004. The application is based on the plaintiff's failure to comply with the undersigned's August 23rd order, which compelled the production of the plaintiff's tax returns and W-2s for the time period 2000 to the present. The defendant also seeks to strike the plaintiff's errata sheet which contains narrative testimony beyond the scope of the deposition. In her response to the application, the plaintiff contends that she will only seek back pay from 2003 through the present, and that she has provided the defendant with any of the tax records she possesses for 2003, 2004, and 2005. The plaintiff also has agreed to submit a revised errata sheet and make herself available for an additional deposition to address any additional testimony she has added. Based on the plaintiff's representations, the defendant's application is denied. The plaintiff shall provide the defendant with a revised errata sheet on or before September 29, 2006. If the revised errata sheet still contains additional narrative information, the plaintiff will make herself available for an additional deposition on or before October 6, 2006. The plaintiff is also reminded that her 2006 tax records must be provided to the defendant when they become available.

The deadline for all discovery, inclusive of expert discovery, is extended to October 6, 2006 to accommodate this order. Any party planning on making a dispositive motion shall take

the first step in the motion process by October 20, 2006.  The final conference scheduled for

October 10, 2006 is adjourned to November 1, 2006 at 11:00 a.m.

Dated: Central Islip, New York                    **SO ORDERED:**
       September 13, 2006

                                                  _____/s/_____
                                                  ARLENE R. LINDSAY
                                                  United States Magistrate Judge